IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALVADOR CAYAMBE SHULQUI,

    Petitioner,

v.                                                                                   No. 2:26-cv-00205-KG-DLM

PAMELA BONDI, et al.,

    Respondents.

### **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Salvador Cayambe Shulqui's Status Report, Doc. 12, and the Government's Response in Opposition, Doc. 13.  Mr. Cayambe Shulqui contends that, although he received a bond hearing, it did not comply with this Court's prior order, Doc. 11.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the hearing, the Court agrees that the proceeding failed to satisfy the procedures required by its earlier ruling.[1]  Accordingly, the Court grants Mr. Cayambe Shulqui's motion and orders his immediate release.

### I.    *Background*

Mr. Cayambe Shulqui, a native and citizen of Ecuador, entered the United States in 2020. Doc. 1 at 7.  Immigrations and Customs Enforcement ("ICE") released Mr. Cayambe Shulqui on his own recognizance on April 9, 2021.  *Id.*  He has no criminal history and resides in Minnesota. *Id.* at 8.  He is currently detained at the Otero County Processing Center in New Mexico.  *Id.*

---

[1] The DAR of the Bond Hearing (Feb. 18, 2026) is on file with the Court and lodged at Doc. 14 (the "Audio Recording").

On February 18, 2026, this Court granted Mr. Cayambe Shulqui's habeas petition, concluding that his redetention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 11 at 2. The Court ordered the Government to provide a bond hearing within seven days and to "justify" his "continued detention by clear and convincing evidence" or else release him. *Id.* at 5.

At the bond hearing, the Immigration Judge ("IJ") stated at the outset that "this gentleman has been removed. He's a flight risk...I'm not going to grant a bond on that, regardless of a habeas…I'll hear the bond argument and I'm denying it outright." Audio Recording at 00:35–1:05. When Petitioner's counsel asked to proceed with argument, the IJ responded: "I'm not going to grant [bond], but you may continue." *Id.* In a written order, the IJ denied bond, stating: "Flight Risk: Manner of entry; no form of relief; has a pending order of removal." Doc. 12-1 at 1. Mr. Cayambe Shulqui moves to enforce the Court's prior order, alleging that the IJ failed to shift the burden to the Government. Doc. 10. The Government opposes the motion. Doc. 13 at 2–3.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    *Analysis*

For the reasons below, the Court concludes that (A) it has jurisdiction to consider Mr. Cayambe Shulqui's claim, (B) exhaustion is not required, and (C) the IJ failed to follow the procedures required by this Court's prior order.

### A.    Jurisdiction

Before reaching the merits, the Court must address the Government's argument that it lacks jurisdiction to consider Mr. Cayambe Shulqui's claim.  *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction).  The Court acknowledges that, under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien."  But § 1226(e) only bars review of the Attorney General's "discretionary judgment."  *Demore v. Kim*, 538 U.S. 510, 516–17 (2003).  It does not eliminate "habeas jurisdiction over constitutional claims or questions of law."  *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) (same).

Under these principles, courts may review whether an IJ applied the correct legal standards and procedures at a bond hearing.  Section 1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)."  *Miranda v. Garland*, 34 F.4th 338, 352 (4th Cir. 2022).  This framework reflects a district court's authority to ensure compliance with its own habeas orders.  *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").  Consistent with this understanding, district courts across the country have reviewed challenges to the procedures used in immigration bond hearings.  *See e.g.*, *Picado v. Hyde*, 2026 WL 352691, at *4 (D.R.I.); *Said v. Noem*, 2026

WL 295651, at *5 (W.D.N.C.); *Shonhai v. Lowe*, 2026 WL 538865, at *10 (M.D. Pa.); *Sandesh v. Larose*, 2026 WL 622690, at *5 (S.D. Cal.).

Under these principles, the Court has jurisdiction to determine whether the IJ complied with the due process requirements governing the bond hearing.  Mr. Cayambe Shulqui does not challenge the IJ's discretionary weighing of the evidence or the ultimate bond determination. Rather, he raises a constitutional claim that the IJ failed to follow the due process requirements set forth by this Court when denying bond.

### B.        Exhaustion

The Government also argues that Mr. Cayambe Shulqui must exhaust administrative remedies before seeking relief in this Court—that he must appeal the bond determination to the Board of Immigration Appeals ("BIA").  Doc. 13 at 2–3.

Petitioners ordinarily must exhaust administrative remedies before seeking relief under 28 U.S.C. § 2241, but exhaustion is not a statutory requirement and does not deprive the Court of jurisdiction.  *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310–11 (10th Cir. 2004) (concluding that exhaustion deficiencies do not affect habeas jurisdiction over challenges to immigration detention).  If exhaustion is not jurisdictional, "sound judicial discretion governs."  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).  Courts may excuse exhaustion where requiring administrative review would prolong unlawful detention or delay resolution of substantial constitutional claims.  *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1181 (D. Colo. 2024) ("When Congress does not require exhaustion in the statute then the district court has discretion to decide if administrative exhaustion is required."); *Lopez-Arevelo v. Ripa*, 2025 WL 2691828 at *6 (W.D. Tex.) ("To wait...for a ruling on that appeal would be inappropriate because it would exacerbate [the petitioner's] alleged

constitutional injury."); *Lopez v. Barr*, 458 F. Supp. 3d 171, 176 (W.D.N.Y. 2022) ("[C]ourts can excuse a failure to exhaust if the case presents a substantial constitutional question.").

The Court excuses exhaustion here. Mr. Cayambe Shulqui does not bring a new § 2241 petition challenging his detention. Rather, he asks the Court to resolve a constitutional compliance question concerning its own order—whether the bond hearing satisfied the due process requirements the Court previously imposed. Because he seeks enforcement of the Court's order rather than review of the IJ's discretionary bond determination, the administrative exhaustion requirement governing § 2241 petitions does not apply.

Moreover, requiring Mr. Cayambe Shulqui to pursue a BIA appeal would significantly prolong his immigration detention and thereby compound the constitutional injury he alleges. As this Court has repeatedly recognized, the loss of liberty caused by immigration detention constitutes a severe and ongoing injury. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.). The substantial delay associated with BIA review of bond appeals, which often take months to resolve, would only exacerbate that harm. *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1248–49 (W.D. Wash. 2025) (noting that the average processing time for bond appeals exceeded 200 days in 2024). The Court therefore declines to require exhaustion and proceeds to the merits.

### C.    *Merits*

Mr. Cayambe Shulqui's bond hearing did not satisfy the due process requirements set forth in this Court's prior order. Ordinarily, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show detention is unwarranted. *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). However, this Court concluded that Mr. Cayambe Shulqui's "detention in violation of his constitutional rights shifts that burden to the Government" to justify detention by clear and

convincing evidence.  Doc. 11 at 5.  The IJ did not apply that standard.  Instead, before hearing from either party, the IJ stated that "I'll hear the bond argument" but "I'm denying it outright...regardless" of this Court's prior order.  Audio Recording at 00:35–1:05.  This statement reflects a refusal to apply the required burden-shifting framework.  The Government has not complied with the Court's prior order because Mr. Cayambe Shulqui did not receive the hearing the Court required.  Therefore, the Government "must release him."  Doc. 11 at 5.

## IV.     Conclusion

Mr. Cayambe Shulqui's motion to enforce this Court's prior habeas order is granted. Respondents must release Mr. Cayambe Shulqui from custody no later than seven (7) days from the date of this Order.  Respondents shall file a status report within ten (10) days of this Order certifying compliance with this Order.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.